UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTOR V. REED,

        Plaintiff,

v.                                  Case No. 3:25-cv-1350-MMH-PDB

CITY OF JACKSONVILLE,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Victor V. Reed, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint). He also filed a request to proceed as a pauper (Doc. 2).

In the Complaint, Reed names the City of Jacksonville, Evidence Management System, as the only Defendant. Complaint at 1. Reed advises that the State of Florida charged him with sexual battery on May 26, 2015, and he explains the procedural history of his state court criminal case resulting in the life sentence he is currently serving. See id. at 2-13; see also State v. Reed, No. 2015-CF-4140 (Fla. 4th Cir. Ct.).[1] He asserts that this civil rights case "is the

---

[1] The Court takes judicial notice of Reed's state court docket. See McDowell Bey v. Vega, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing

proper vehicle for" him to challenge "a state DNA testing statute." Complaint at 14. He explains that while the "State's statutory procedures are adequate," Defendant "provided him with fundamentally inadequate process by undermining the State's procedures by its reckless, chaotic evidence management system." Id. at 15. He argues that he has "diligently and repeatedly tried the State's procedures for obtaining the necessary DNA evidence," but "the Jacksonville Police Department Management System was so inadequate as to nullify those procedures." Id. According to Reed, Defendant "has denied him of his First Amendment right to access to the court and his Fourteenth Amendment right to due process of law" because the City has "engaged in a pattern, policy or practice of mishandling evidence." Id. at 14. As relief, he requests $20 million in punitive damages and "an order to have DNA testing of the items requested." Doc. 1-1 at 7.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on

---

a § 1983 action); see also Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555

(alternation and internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Reed's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022);

F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Reed's Complaint is due to be dismissed under this Court's screening obligation. "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). While Reed states in conclusory fashion that Defendant had a policy or practice that violated his rights, he fails to include any factual allegations to support his contention. Notably, Reed previously filed two other cases in this Court in which he raised claims similar to the ones raised in the instant case relating to the state's denial of his requests for DNA testing: case nos. 3:24-cv-461-TJC-LLL and 3:25-cv-530-MMH-SJH. This Court dismissed both of those cases for Reed's failure to state a claim. The instant case fares no better.

Upon due consideration, this case will be dismissed without prejudice for Reed's failure to state a claim. Reed may refile his claims under 42 U.S.C. § 1983 with factual allegations sufficient to support a claim for relief if he elects

---

see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk of Court** shall send Reed a civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form. If Reed chooses to refile his claims, he may complete and file the appropriate forms. He should not include this case number on any form, as the Clerk will assign a new case number upon receipt. In initiating such a case, Reed should either file a fully completed application to proceed in forma pauperis or pay the $405 filing fee.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of December, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 12/4
c:
Victor V. Reed, #D49096